## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, | : |
| UNITED STATES DEPARTMENT OF LABOR, | : |
| | : |
| Plaintiff, | : Civil Action No. |
| v. | : |
| | : |
| HARVEY, PENNINGTON LTD.,  ERNEST | : |
| BERNABEI, FREDERICK WALTON, and | : |
| HARVEY PENNINGTON, LTD. PROFIT | : |
| SHARING 401(k) PLAN, | : |
| | : |
| Defendants. | : |

## COMPLAINT

Hilda L. Solis, Secretary of Labor, United States Department of Labor, hereby alleges:

## JURISDICTION AND VENUE

1.      This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2.      This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.      The Harvey Pennington, Ltd. Profit Sharing 401(k) Plan (the "Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §

1002(3), and is therefore subject to the coverage of the Act, pursuant to Section 4(a) of

ERISA, 29 U.S.C. § 1003(a).  The Plan is administered in Philadelphia, Pennsylvania.

4. Ernest Bernabei resides in or may be found within Philadelphia, Pennsylvania.

5. Frederick Walton resides in or may be found within Philadelphia, Pennsylvania.

6. Venue with respect to this action lies in the Eastern District of Pennsylvania, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

7. The relevant time period is January 2005 to the present.

## THE PARTIES

8. The Secretary, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

9. At all relevant times, Harvey, Pennington Ltd. ("Employer") was the sponsor and plan administrator of the Plan and exercised discretionary authority or discretionary control respecting management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan.  The Employer is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A) and (C) of ERISA, 29 U.S.C. §§ 1002(14)(A) and (C).

10. During some or all of the relevant time period, Ernest Bernabei was a

shareholder of Employer and one of the co-trustees of the Plan.  At all relevant times, Mr. Bernabei had discretionary authority or discretionary responsibility in the administration of the Plan.  Mr. Bernabei is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  As a fiduciary, he is also a party-in-interest as that term is defined in Sections 3(14) (A) of ERISA, 29 U.S.C. §§ 1002(14)(A).

11.     During some or all of the relevant time period, Frederick Walton was a shareholder of Employer and one of the co-trustees of the Plan.  At all relevant times, Mr. Walton had discretionary authority or discretionary responsibility in the administration of the Plan.  Mr. Walton is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  As a fiduciary, he is also a party-in-interest as that term is defined in Sections 3(14) (A) of ERISA, 29 U.S.C. §§ 1002(14)(A).

12.     The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## GENERAL ALLEGATIONS

13.     The Employer established the Plan effective November 1, 1982.  The Plan permitted participants to contribute a portion of their pay to the Plan as elective salary deferrals ("employee contributions") through payroll deductions.

14.     For payroll periods from January 2005 through at least May 2012, the Employer deducted money from participants' pay as employee contributions to the Plan. During the relevant time period, the Employer remitted certain employee contributions late without interest, and failed to remit certain employee contributions to the Plan altogether.

15.     Unremitted employee contributions are assets of the Plan within the meaning of ERISA.  Defendants failed to segregate the Plan assets from the general assets of the Employer.

16.     The Employer, Mr. Bernabei and Mr. Walton failed to ensure that the Plan assets described in paragraphs 13-15, *supra*, were collected by the Plan.

## VIOLATIONS

17.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-16, inclusive.

18.     By the actions and conduct described in paragraphs 1-16, defendants, as fiduciaries of the Plan:

    a.     failed to ensure that all assets of the Plan were held in trust by one or more trustees, in violation of Section 403(a) of ERISA, 29 U.S.C. § 1103(a);

    b.     failed to ensure that the assets of the Plan did not inure to the benefit of the Employer in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c) (1);

    c.     failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

      d.      failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

19.      By the actions and conduct described in paragraphs 1-16, defendant Employer, as a  fiduciary of the Plan:

      a.      caused the Plan to engage in transactions which it knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party-in-interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D); and

      b.      dealt with assets of the Plan in its own interest or for its own account, in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1).

20.      By failing to comply with Section 404(a)(1), 29 U.S.C. §1104(a)(1), in the administration of their specific responsibilities which give rise to their status as fiduciaries, Mr. Bernabei and Mr. Walton enabled the Employer to commit breaches of fiduciary duty and are liable for the Employer's breaches, pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. §1105(a)(1).

21.      By failing to make reasonable efforts under the circumstances to remedy

the Employer's breaches of which they had knowledge, Mr. Bernabei and Mr. Walton, as fiduciaries of the Plan, are liable for the Employer's fiduciary breaches, pursuant to Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court issue an order:

a.      Ordering the defendants to restore to the Plan all losses, including interest or lost opportunity costs, which were caused by their fiduciary misconduct;

b.      Removing Harvey, Pennington Ltd., Ernest Bernabei and Frederick Walton as fiduciaries of the Plan and of any employee benefit plan for which it/he acts as a fiduciary;

c.      Permanently enjoining Harvey, Pennington Ltd., Ernest Bernabei and Frederick Walton from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

d.      Permanently enjoining Harvey, Pennington Ltd., Ernest Bernabei and Frederick Walton from exercising any custody, control, or decision making authority with respect to the assets of any employee benefit plan covered by ERISA;

e.      Appointing, at Harvey, Pennington Ltd.'s expense, an independent fiduciary for the Plan with plenary authority and control with respect to the management and administration of that Plan.

f.      Requiring the Plan to set off any individual account balance of Ernest Bernabei and Frederick Walton against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by 29 U.S.C. § 1056(d)(4), if the losses are not otherwise restored to the Plan by defendants.

      g.       Awarding plaintiff, Secretary of Labor, the costs of this action; and

      h.       Awarding such other relief as is equitable and just.


|  |  |
|---|---|
|  | Respectfully submitted, |
| Post Office Address: | M. Patricia Smith<br>Solicitor of Labor |
| Catherine Oliver Murphy<br>Regional Solicitor<br>Office of the Solicitor<br>U. S. Department of Labor<br>Suite 630E, The Curtis Center<br>170 S. Independence Mall West<br>Philadelphia, PA 19106-3306<br>(215) 861-5159<br>(215) 861-5162 (fax) | Catherine Oliver Murphy<br>Regional Solicitor<br><br>s/ Adam F. Welsh<br>Adam F. Welsh<br>Attorney<br>PA ID No. 84988<br><br>U.S. DEPARTMENT OF LABOR<br><br>Attorneys for Plaintiff |